**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,**

v.

**Orlando J. MUNDWILLER et al., Respondent.**

No. 42195.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 9, 1980.

Joy Ryan, Kirkwood, Bruce A. Ring, Jefferson City, for appellant.

Orlando J. Mundwiller, Hermann, pro se.

CRIST, Judge.

Petition for injunction initiated by Missouri Highway and Transportation Commission (hereafter plaintiff) by which it was hoped that defendant landowner would be restrained from draining or, "turning water upon" the right–of–way of Route 19 in Gasconade County, Missouri. The circuit court found the issues in favor of defendant and plaintiff appeals. We reverse and remand with directions to enter judgment for plaintiff.

Plaintiff alleged in its petition that defendant had constructed a drain which terminates on the edge of the right–of–way of Highway 19, and which thereby allows drainage and waste water to drain onto the state right–of–way in contravention of § 229.150(2), RSMo. 1978.[1] There is virtually no dispute as to the facts in evidence. Those facts which follow, except as otherwise indicated, were the subject of a stipulation.

Defendant owns real estate which abuts both the east and west sides of state Highway 19. He maintains his own residence on the east side together with a small rental house. Because the east side of the highway is topographically higher than the west side at defendant's property, plaintiff maintains a culvert to direct naturally accumu-

---

1. Plaintiff's petition was filed November 11, 1978, but was never amended to conform to proof of the somewhat different facts hereinafter related. We accept the petition as amended to conform with the issues presented and tried by consent of the parties. Section 509.500, RSMo. 1978. *Steele v. Woods*, 327 S.W.2d 187, 195 (Mo.1959).

lated excess surface water from the east to the west side.

Prior to 1977, each of the two residences on defendant's property (that is, defendant's home and the smaller, rental house) had its own drainpipe, both of which extended only so far as the edge of defendant's property line and there discharged waste water onto plaintiff's right–of–way. However, in 1977, defendant installed an extension drainpipe which now runs from the pre–existing drainpipe from *his* home across plaintiff's right–of–way to the culvert earlier described. Together, these drainpipes carry waste water discharged from defendant's laundry, kitchen sink, dishwasher and garbage disposal through the culvert and deposits same on the west, or opposite, side of the road. There is no similar extension connected with the drainpipe from the rental unit and that drainpipe remains in the pre–1977 condition.

Both parties agreed that the discharge from the main house, which enters the extension drainpipe and hence to the culvert, contains no human waste, but the contents of the waste water from the rental house (not then occupied) remains unknown.

Vernon Augustine, plaintiff's Area Maintenance Supervisor for Gasconade County, testified that the newly installed drainpipe interferes with mower operation and other reasonably foreseeable maintenance routines because of the wet soil which often surrounds the area. The right–of–way ditch is lower than the culvert and this causes naturally accumulated surface water, and any other waste water from defendant's property, to stand until such time as it evaporates, is absorbed by the ground, or becomes high enough to enter the culvert and pour through to the other side.

Defendant testified that he had himself mowed the right–of–way at the area in question with appliances similar to those in use by plaintiff and had experienced none of the difficulty cited by Mr. Augustine. However, on cross–examination he admitted that it had not rained in some while and the area was quite dry. He further testi-

fied that the rental house was not then occupied and that he could not see how that pipe was draining because it was hidden by weeds.

Plaintiff believes it is entitled to an injunction because defendant admitted in the stipulation that he maintains a private drainage system on the state right–of–way where he, "turn[s] water upon ... [the] right–of–way." Plaintiff suggests that the stipulation comprises an admission of facts which clearly indicate a violation of § 229.-150(2), RSMo. 1978.

Defendant's argument is seemingly threefold: (1) That he has what amounts to a license to drain waste water onto the right–of–way as he and his predecessor in title had done before the 1977 "improvement"; (2) That he has a legal right to drain water from his property on the east side of the road to his property on the west side because the state has merely an easement for the road and because to deny him this right would be tantamount to a deprivation of the full use and enjoyment of his property; and (3) That the newly installed pipe actually *improved* the situation particularly as regards the amount of water allowed to stand on the east side of the right–of–way and, thus, it does not constitute an "obstruction" as contemplated by the statute.

■ Defendant's first contention is inappropriate for a number of reasons. First, one cannot acquire a license to dump water upon a state right–of–way by prescription as, "there can be no rightful permanent use of the [right of] way for private purposes." *State ex rel. State Highway Commission v. Johns*, 507 S.W.2d 75, 78 (Mo.App.1974). Furthermore, the state offered testimony (and the pleadings are deemed amended in this regard) which indicated that not only was the disposal of waste water objectionable, but the drainpipe itself constitutes a nuisance inasmuch as it lays across the right–of–way and makes it difficult, if not impossible, for plaintiff to engage in what might be considered reasonably foreseeable maintenance routine.

We believe *Johns, supra,* adequately disposes of defendant's second argument and renders further discussion unnecessary.

Defendant's last argument begs solace from *Camden Special Road Dist. of Ray County v. Taylor,* 495 S.W.2d 93 (Mo.App. 1973), but his reliance thereon is unfounded. *Camden* stands for the proposition that an individual landowner may not attempt precisely that which defendant tried here. Furthermore, the effect that the pipe from the smaller, rental house will have on the situation when that house is eventually rented, and still more water pours onto the right–of–way, remains an issue of considerable doubt and some speculation. However, it seems reasonable to conclude that the pipe from that house will compound the problem.

Accordingly, it is the judgment of this court that defendant is in violation of § 229.150(2), RSMo. 1978, the applicable portion of which reads as follows:

"Any person or persons who shall willfully or knowingly obstruct or damage any public road by obstructing the side or cross drainage or ditches thereof, or by turning water upon such road or right–of–way ... or shall obstruct said road, highway or drains in any other manner whatsoever, shall be guilty of a misdemeanor ..."

Defendant must, therefore, remove the pipe from the state right–of–way and hereafter refrain from draining residential waste water onto the right–of–way. See *Johns, supra.*

Reversed and remanded with directions to the trial court to grant plaintiff an injunction which enjoins defendant from discharging waste water from his residence and rental house onto plaintiff's right–of–way and which further orders defendant to remove the drainpipe connecting his original residential drain and the culvert.

DOWD, P. J., and REINHARD, J., concur.